966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny SMITH, Petitioner/Appellant,
v.
James A. CHRANS, Respondent/Appellee.
 No. 90-3042.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 8, 1992.[1]
Decided June 10, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In 1975, Johnny Smith was convicted of murder, attempted murder, attempted armed robbery, and aggravated battery. The Illinois appellate court affirmed all of Smith's convictions, except for the aggravated battery conviction, which it vacated.[2] People v. Smith, 59 Ill.App.3d 480, 375 N.E.2d 941 (1st Dist.1978). He then filed three post-conviction petitions in the Illinois Circuit Court, which were all denied. Mr. Smith did not appeal from these denials. Instead, he petitioned the district court for relief pursuant to 28 U.S.C. § 2254. The federal district court denied the petition on the merits, United States ex rel. Smith v. Fairman, 79 C 3980 (N.D.Ill. Dec. 31, 1979), and this court denied certificate for probable cause to appeal on September 9, 1980.
 
 
 2
 Eight years later, Mr. Smith filed a second § 2254 petition in the district court alleging fourteen grounds for relief. Under Rule 4 of the rules governing § 2254 cases, the district court summarily dismissed eight of the claims as repetitive[3], see Kuhlmann v. Wilson, 477 U.S. 436 (1986), four of the claims as an abuse of the writ[4], see McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991), and one of the claims as patently frivolous.[5] The district court, however, ordered the State to respond to Mr. Smith's claim that it introduced a coerced statement at his trial.[6] The State responded that Mr. Smith had procedurally defaulted this claim by failing to raise it in the Illinois courts either by a motion to suppress or on direct appeal. The district court agreed and denied the petition for habeas relief. Mr. Smith, pro se, appeals the denial of his § 2254 petition. We affirm.
 
 
 3
 The eight claims which the district court dismissed as successive are identical to claims that Mr. Smith raised in his 1979 § 2254 petition, which was dismissed on the merits. The district court may dismiss a habeas petition when it raises old arguments held meritless on a prior petition, see Rule 9 of the Rules Governing Section 2254 Cases, unless the petitioner can show that the "ends of justice" require the court to revisit the issues. Kuhlmann, 477 U.S. at 452-55. In short, in order to obtain federal review of a successive habeas petition, the petitioner must demonstrate that he has a "colorable claim of factual innocence." Id. at 454. This Mr. Smith has not done.
 
 
 4
 On appeal, Mr. Smith neither argues the propriety of the district court's refusal to review the eight claims nor does he argue that the "ends of justice" require relitigation of these claims. Instead, Mr. Smith simply reasserts the claims themselves. He has failed to meet his burden of showing that he has a "colorable claim of factual innocence" and therefore, the district court correctly denied review of these claims.
 
 
 5
 Similarly, Mr. Smith advances no argument with respect to the correctness of the district court's dismissal of four of his claims for abuse of the writ. In order to excuse his failure to raise these claims in his first § 2254 petition, Mr. Smith must show cause for his failure to raise the issues and prejudice resulting from that failure. McCleskey, 111 S.Ct. at 1470. On appeal, Mr. Smith makes no attempt to demonstrate cause and prejudice. However, in his Rule 9(b) response filed in the district court, Mr. Smith explained that he did not raise these claims in his first petition because when he filed his first petition "he was not versed in the legal profession" and as such his petition was "grossly lacking in legal content."
 
 
 6
 Mr. Smith's lack of legal expertise does not constitute cause as contemplated by the Supreme Court in McCleskey. Id. at 1472. Mr. Smith does not argue that "some external impediment" such as "governmental interference" or "the reasonable unavailability of the factual basis for the claim" precluded him from raising these claims in his prior petition. We agree with the district court that review of these four claims is barred by Mr. Smith's inability to demonstrate that he could not have raised them in his earlier petition.[7] Because we hold that Mr. Smith has failed to establish cause for his procedural default, it is unnecessary to determine whether the district court's refusal to review these four claims prejudiced him. Id. at 1474.[8]
 
 
 7
 As for Mr. Smith's claim that his statement was coerced, the State does not contest the district court's conclusion that review of this claim is not barred by abuse of the writ. Rather, it contends, as it did below, that federal habeas review of this claim is precluded by Mr. Smith's procedural default.
 
 
 8
 The record reveals that Mr. Smith has indeed defaulted this claim by not raising it either in a motion to suppress or on direct appeal. Consequently, before Smith can obtain federal habeas review of his claimed coerced statement, he must demonstrate both cause for and prejudice resulting from the default. Harris v. Reed, 489 U.S. 255, 260-66 (1989); Bae v. Peters, 950 F.2d 469, 480 (7th Cir.1991). A petitioner can demonstrate cause by pointing to an external factor blocking his ability to comply with the procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). Although Mr. Smith does not specifically argue cause and prejudice, he does contend that both his trial and appellate counsels' failure to raise this claim in the Illinois courts constituted ineffective assistance of counsel. While ineffective assistance of counsel can constitute cause, it must first "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Id. at 488-89. Mr. Smith has never argued that counsels' failure to raise the issue of a coerced statement amounted to ineffective assistance in the Illinois state courts. Consequently, it cannot constitute cause for the default. Having concluded that the district court correctly found that Mr. Smith is unable to show cause for his procedural default, we do not address the question of prejudice.[9]
 
 
 9
 Accordingly, the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 The court vacated Mr. Smith's aggravated battery conviction on the ground that it arose out of the same conduct underlying his attempted murder conviction
 
 
 [3]
 The district court dismissed the following claims as repetitive: (1) improper jury instructions on admissions; (2) insufficient evidence due to conflicting witness testimony; (3) insufficient evidence due to a lack of physical evidence; (4) ineffective assistance of counsel for failure to object to the jury instructions; (5) improper rebuttal testimony; (6) prosecutorial misconduct (7); judge's refusal to provide the jury with a trial transcript; and (8) excessive sentence
 
 
 [4]
 The district court dismissed the following claims for abuse of the writ: (1) ineffective assistance of trial counsel for failure to object to rebuttal testimony; (2) ineffective assistance of trial counsel for failure to appear at Mr. Smith's grand jury proceeding; (3) ineffective assistance of appellate counsel for failure to timely request a sentence modification; and (4) prosecutor made inflammatory remarks to witness and showed witness gruesome pictures of crime scene
 
 
 [5]
 The district court dismissed Mr. Smith's double jeopardy arguments as frivolous because his murder conviction and attempted murder conviction involved different victims. Also, although Mr. Smith was charged with both attempted armed robbery and armed robbery, he was only convicted of attempted armed robbery
 
 
 [6]
 Mr. Smith made a statement at the police station concerning his whereabouts on the day of the offense. He contends that he was not given his Miranda warnings before he made this statement and that the police coerced him into making it by verbally threatening him
 
 
 [7]
 We also agree with the district court's conclusion that Mr. Smith's double jeopardy arguments were patently frivolous
 
 
 [8]
 Mr. Smith does not argue that the very narrow miscarriage of justice exception excused his failure to raise these claims in his first petition, nor do the facts of this case suggest that a miscarriage of justice occurred. McCleskey, 111 S.Ct. at 1474 (miscarriage of justice exists where error complained of affects the reliability of the guilt determination)
 
 
 [9]
 Mr. Smith argues that "fundamental fairness" requires that he receive federal review of this claim. However, "[t]he amorphous concept of "fundamental fairness" ... does not fulfill the "cause and prejudice" standard." Baskin v. Clark, 956 F.2d 143, 145 (7th Cir.1992). Mr. Smith does not argue that the miscarriage of justice exception excused his defaults, nor does the record suggest that Mr. Smith is "actually innocent" of the charges against him. See Murray, 477 U.S. at 496. See also Smith, 59 Ill.App.3d at 489 (discussing the trial evidence against Mr. Smith). Moreover, Mr. Smith's trial testimony is consistent with the statement that he now argues was coerced